IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDY OLIVER, | : |
| | : Case No. 2:19-cv-619 |
| Plaintiff, | : |
| | : Judge Marbley |
| v. | : |
| | : Magistrate Judge Jolson |
| DAVID GRAY, et al., | : |
| | : |
| Defendants. | : |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR INJUNCTION
### and
## MOTION TO DISMISS

Pursuant to the Court's Order (Doc. 3), Defendants David Gray, Mary Potter, Trish Bosley, and Jeffrey Burger,[1] each of whom is presently employed at the Belmont Correctional Institution, Doc. 1-3, PageId 47, 51, 55, and 59, ("Defendants"), hereby respond to Plaintiff Randy Oliver's ("Plaintiff") Request for Injunctions ("Complaint") (Doc. 2) and move the Court to dismiss the same pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants herein likewise reserve the right to move or plead in response to Plaintiff's Complaint Violation of Religious Rights (Doc. 4) within the 45-day time-period previously provided by the Court. (Doc. 3). A memorandum in support of this response/motion is hereto attached.

---

[1] Sunni Islam is also named as a defendant in this lawsuit. Although he is not a state employee, and as such cannot be represented by the Ohio Attorney General in this case, the same defenses raised in this motion would likewise be available to him.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
   *Trial Attorney for Defendants*
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

**MEMORANDUM**

**I.     INTRODUCTION**

Plaintiff, an inmate at the Mansfield Correctional Institution ("MANCI") at the time this Complaint was filed on February 22, 2019, (Doc 2), but who has since been released altogether from the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"),[2] is nonetheless attempting to obtain injunctive relief against the Defendants, employees of the Belmont Correctional Institution ("BeCI"), Doc. 1-3, PageID 47, 51, 55, and 59, for allegedly stopping him from practicing his religion during the time he was incarcerated at BeCI. (Doc. 1, PageID 11). However, since Plaintiff had already been transferred from BeCI to MANCI at the time the Complaint was filed (Doc. 1, PageID 6), and was subsequently released altogether from ODRC's custody on March 17, 2019, his claims for injunctive relief have been rendered moot.

**II.    LAW AND ARGUMENT**

    **A.     Standard of Review: Fed. R. Civ. P. 12(b)(6).**

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court of the United States has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, a plaintiff's obligation to provide the grounds for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, a complaint must contain "enough facts to state a claim

---

[2] Indeed, Plaintiff was released from ODRC's custody on March 17, 2019. See Offender Detail, attached as Exhibit A.

3

to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible." *Id.* at 570.

In expanding upon *Twombly*'s "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, "[n]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks omitted).

While pro se pleadings must be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (affirming dismissal of inmate's access to courts claim for failing to allege any specific prejudice). Although factual allegations are to be accepted as true, a court does not have to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In the context of civil rights actions, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bay v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

Accordingly, a 12(b)(6) motion to dismiss is properly directed to the complaint and any exhibits attached thereto. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007). The complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or

if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978). Here, because on the face of the Complaint there is an insurmountable bar to relief, Plaintiff's request for injunctions should be dismissed.

B. **Plaintiff's Request for Injunctions.**

Under Federal Rule of Civil Procedure 65, the Court must apply a four-factor test to determine whether to grant a plaintiff's request for an injunction. In so doing, the Court must consider: 1) whether the party seeking the order has shown a strong likelihood of success on the merits; 2) whether the moving party will suffer irreparable harm if the injunction does not issue; 3) whether the issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuance of the injunction. *Third Party Solutions, Inc. v. Express Scripts, Inc.,* 298 F. App'x. 402, 403 (6th Cir. 2008).

Although not one of the above four factors is controlling, *Frisch's Rest. Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1263 (6th Cir. 1984), an injunction is an extraordinary remedy which should be granted only if the movant carries the burden of proving the circumstances clearly demand it. *Jones v. Caruso,* 569 F.3d 258, 265 (6th Cir. 2009). Thus, a finding that there is no likelihood of success on the merits is usually fatal to a plaintiff's cause of action. *Gonzalez v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000); *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989) (plaintiff's initial burden in demonstrating entitlement to injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 claims).

Moreover, whether the party seeking the order has shown a strong likelihood of success on the merits takes on special importance if a constitutional right has arguably been violated. See *Connection Distrib., Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ("When a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor"). In such cases, the

5

most important factor to consider is the likelihood the plaintiff will succeed on the merits of the claim. *Id.*

By contrast with the requisite merits focus applied to constitutional claims, here Plaintiff's likelihood of success on the merits is nil because his conditions of confinement claim for injunctive relief allegedly arising out of his incarceration at BeCI was doubly mooted, both by his transfer to MANCI and by his ultimate release. See *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's request for injunctive relief from prison officials at a specific prison is moot once the prisoner no longer resides at that prison); *Murdock v. Tenn.*, 2013 U.S. Dist. LEXIS 138057, 2013 WL 5427862, at *9 (W.D. Tenn. 2013) (citing *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir.2003) (declaratory and injunctive claims against prison staff moot when inmate was transferred to another facility)); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 U.S. Dist. LEXIS 142234, 2012 WL 4594339, at *5 (W.D.Ky. Oct. 2, 2012), unpublished (inmate claims moot when he was transferred to another facility). See also *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("the request for an injunction was obviously mooted when Lavado was released from prison") (citing *Preiser v. Newkirk,* 422 U.S. 395, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975).

Critically, as is underscored by his own Court filings, Plaintiff was no longer an inmate at BeCI, the prison in which Defendants' alleged failures occurred, at the time his Complaint was filed. (Doc. 1, PageID 6). Instead, by the time he filed his Complaint, Plaintiff had already been transferred to MANCI. Doc. 1, PageID 4. And shortly thereafter, on March 17, 2019, Plaintiff was released from ODRC's custody altogether. As a result, Plaintiff's requested injunctive relief relating to the conditions of his confinement while at BeCI has become moot.

Because courts have no power to adjudicate disputes which are moot, *McPherson v. Mich. High School Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir. 1997) (citation and internal

quotation marks omitted), Plaintiff cannot possibly prevail on the merits of his requested injunctive relief. In light of the insurmountable bar to relief and the concomitant unlikeliness of Plaintiff's ability to prevail on the merits of his case, the merits factor alone dictates that Plaintiff's Complaint should be dismissed. *Id.*

Not surprisingly, an analysis of Rule 65's remaining three factors would achieve no different result. Whether a plaintiff will suffer irreparable harm is the second Rule 65 factor in determining if a court may grant an injunction. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). But if a plaintiff cannot establish a substantial likelihood of success on the merits of his claim, it stands to reason that he cannot establish the possibility of irreparable harm as a result of the claimed deprivation. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ("to the extent that Connection can establish a substantial likelihood of success on the merits of its First Amendment claim, it also has established the possibility of irreparable harm as a result of the deprivation of the claimed free speech rights.").

Certainly, in accordance with the *Reno* court's ruling, coupled with the paucity of facts contained in Plaintiff's conclusory Complaint, irreparable harm is not evident here. This is not surprising. To the contrary, since Plaintiff is no longer incarcerated at BeCI, much less is he any longer in the custody of ODRC, there is no risk whatsoever that he could suffer irreparable harm at the hands of the BeCI employees Defendants named in his Complaint if the requested injunction fails to issue.

While irreparable harm to the Plaintiff is Rule 65's second factor, the other side of that coin, the third factor, is irreparable harm to others. But the answer to this factor is also determined by the potential outcome of the underlying merits of the case. *Reno*, 154 F.3d at 288. If a plaintiff is likely to prevail, then the plaintiff would suffer irreparable harm if deprived even temporarily of his or her constitutional rights. By contrast, if the government is likely to prevail,

7

then the government would be harmed if it were enjoined from conduct which is otherwise permissible. *Id.* ("although the government presumably would be substantially harmed if enforcement of a constitutional law aimed at fighting child pornography were enjoined, this determination, too, first requires a review of the merits of the claim"); *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995). Since having been released from custody Plaintiff is unlikely to prevail on the merits of his case, the third Rule 65 factor, too, weighs against granting Plaintiff affirmative injunctive relief. It is therefore not surprising that Plaintiff's conclusory request for injunctive relief[3] makes no attempt whatsoever to address whether the issuance of an injunction would cause substantial harm to others.

The final Rule 65 factor is whether an injunction would serve the public interest. *Abney v. Amgen, Inc.*, 443 F.3d 540 (6th Cir. 2006). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter, 555 U .S.* at 24 *(quoting Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)). Certainly the interests of the public at large weigh against an injunction here. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context absent a sufficient showing of a violation of a constitutional right. See *Bell v. Wolfish,* 441 U.S. 520, 547 (1979); *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

"[T]he determination of where the public interest lies also is dependent on a determination of the likelihood of success on the merits of the First Amendment challenge

---

[3]Notably, nowhere in his Complaint does Plaintiff provide any facts to support his claim that while incarcerated at BeCI he was unable to practice his Islamic faith. Nor does Plaintiff provide any facts whatsoever to support his conclusory claim that the Defendants stopped him from practicing his religion.

because 'it is always in the public interest to prevent the violation of a party's constitutional rights.'" *Reno*, 154 F.3d at 288 *(quoting G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir.1994)); *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995) ("the public as a whole has a significant interest in ensuring equal protection of the laws and protection of First Amendment liberties."). However, here the case has been rendered moot as a result of Plaintiff's transfer to MANCI before the Complaint was even filed. (Doc. 2, PageID 67). Since Plaintiff is unlikely to prevail on the merits of this case, the public interest provides no support for his requested injunctive relief. Accordingly, because Plaintiff cannot prevail on even one of Rule 65's factors, his Complaint for injunctive relief should be dismissed.

### III. CONCLUSION

It is generally in the best interest of all concerned if courts refrain from becoming involved in the day-to-day prison operations, *Jones v. Pancake,* No. 3:06CV-P188-H, 2009 WL 481896 (W.D. Ky. 2009), and this case is no different. Accordingly, Defendants respectfully request that the Court dismiss this case in its entirety with prejudice, certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal cannot be taken in good faith, assess costs to the Plaintiff, and award any other relief deemed necessary and just by the Court.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
   *Trial Attorney for Defendants*
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Response to Plaintiff's Requests for Injunction and Motion to Dismiss* has been electronically filed on March 28, 2019 via the Court's ECF system and has been served upon Plaintiff at his last known address: Randy Oliver, #A702-195, Mansfield Correctional Institution, P.O. Box 788, Mansfield, Ohio 44901-0788, via U.S. mail, postage prepaid.

s/ Mindy Worly
Mindy Worly (0037395)
Principal Assistant Attorney General