# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OLIVER RANDY,**

      **Plaintiff,**

  v.                              **Civil Action 2:19-cv-619**
                                    **Judge Algenon L. Marbley**
                                    **Magistrate Judge Kimberly A. Jolson**

**DAVID GRAY, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 2) and Defendants' Motion to Dismiss (Doc. 8). For the reasons that follow, the Undersigned **RECOMMENDS DENYING** Plaintiff's Motion for Preliminary Injunction (Doc. 2) and **GRANTING in part and DENYING in part** Defendants' Motion to Dismiss (Doc. 8).

### I.    BACKGROUND

Plaintiff is a practicing Muslim. (*See* Doc. 1-1, ¶ 7). While incarcerated at Belmont Correctional Institution ("BCI"), a number of correctional staff members allegedly interfered with Plaintiff's practice of his Islamic faith and retaliated against him for filing grievances related to the exercise of his religious beliefs. (*Id.*, ¶¶ 6–10). Plaintiff requests monetary damages and declaratory and injunctive relief. (*Id.*, ¶¶ 27–31).

After the events described in the Complaint occurred, Plaintiff was transferred to Mansfield Correctional Institution ("MCI"). (*See id.* at 6 (listing MCI as his address)). On February 22, 2019, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 1) and a Motion for Preliminary Injunction (Doc. 2). The Court granted Plaintiff's Motion for Leave to Proceed In

Forma Pauperis (Doc. 3), and the Complaint (Doc. 4) was filed on February 25, 2019. Shortly thereafter, on March 17, 2019, Plaintiff completed his term of incarceration and was released from MCI. (*See* Doc. 7-1). Defendants then filed the instant Motion to Dismiss (Doc. 8).

## II. ANALYSIS

As noted above, Plaintiff was transferred from BCI to MCI and then released from prison. His request for injunctive relief is, therefore, moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("As noted above, any declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("Wilson is no longer incarcerated at Mansfield Correctional Institution, where the events that form the basis for his allegations in this case took place. Consequently, any claim for injunctive relief against the defendants in their official capacities is also unavailing."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution" where the alleged unconstitutional conduct occurred.). The Undersigned therefore recommends that Plaintiff's Motion for Preliminary Injunction be denied.

For the same reason, Defendants' Motion to Dismiss should be granted in part. Having been released from prison, Plaintiff cannot proceed with his claims for declaratory and injunctive relief. The Undersigned therefore recommends that those claims be dismissed.

Plaintiff, however, has also brought claims for monetary damages as part of his Complaint. (*See* Doc. 1-1, ¶¶ 29–31 (requesting $20,000 in compensatory damages and $20,000 in punitive damages)). Defendants do not address these claims in their Motion to Dismiss (*see generally* Doc. 8). The Undersigned therefore recommends that Plaintiff be permitted to proceed with his claims.

## III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS DENYING** Plaintiff's Motion for Preliminary Injunction (Doc. 2) and **GRANTING in part and DENYING in part** Defendants' Motion to Dismiss (Doc. 8).

IT IS SO ORDERED.


Date: April 9, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE