# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RANDY OLIVER,**

    **Plaintiff,**

    v.                                           **Civil Action 2:19-cv-619**
                                                    **Judge Algenon L. Marbley**
                                                      **Magistrate Judge Jolson**

**DAVID GRAY, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On April 9, 2019, the Undersigned issued a Report and Recommendation in this matter. (Doc. 11). The Clerk's Office sent a copy of the Report and Recommendation to Plaintiff, but the United States Postal Service ("USPS") returned the Court's mail to Plaintiff as undeliverable given that he had been released from prison. (Doc. 13). Thereafter, the Court issued a scheduling order in this case, again mailing a copy to Plaintiff. (Doc. 15). But the same thing happened: The USPS returned the mail as undeliverable.

On June 25, 2019, the Court entered an order requiring Plaintiff to show cause as to why this matter should not be dismissed for want of prosecution given that the USPS had returned the Court's mail and because Plaintiff has not updated his mailing address with the Court. The Order noted that pro se litigants have an obligation to keep the Court updated regarding any changes in address, and "failure to do so may result in dismissal for want of prosecution." (Doc. 18). Thirty days have passed since the issuance of that Order, and Plaintiff has not updated his address or otherwise responded to that Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed [*2] party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff did not receive the Court's orders because he failed to update his address or monitor this action. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendants, to date, have not been prejudiced by Plaintiff's failure to comply with the Court's order. However, if further delay occurs, they will suffer prejudice. Indeed, the discovery and dispositive motion deadlines in this case are fast approaching. (*See* Doc. 15).

As to the third factor, this Court's previous Order warned that the Court may dismiss this case if he failed to update his address with the Court. (*See* Doc. 18).

Finally, as to the fourth factor, the Undersigned concludes that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding in forma pauperis in this action, (Doc. 1), and

given that he has not responded to the Court's orders to date, no other remedy would fix what is happening here.

For the reasons set forth above, the Undersigned **RECOMMENDS** dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). *White v. City of Grand Rapids*, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *see also Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Undersigned further **RECOMMENDS** a finding that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:   July 24, 2019                                              /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE