IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDY OLIVER,**

   **Plaintiff,**

  v.

           **Civil Action 2:19-cv-619**
           **Chief Judge Algenon L. Marbley**
           **Magistrate Judge Jolson**

**DAVID GRAY, et al.,**

   **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Undersigned on Defendants Trish Bosley's, Jeffrey Burger's, David Gray's, and Mary Potter's Motion for Summary Judgment (Doc. 25); Plaintiff's Motion to Pursue Money Damages (Doc. 28); and Defendant Sunni-Ali Islam's Motion to Dismiss (Doc. 34). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 25) be **GRANTED**, and Defendant Sunni-Ali Islam's Motion to Dismiss (Doc. 34) be **DENIED without prejudice**. Plaintiff's Motion to Pursue Money Damages (Doc. 28) is **GRANTED**.

 **I.**  **BACKGROUND**

Plaintiff, who is proceeding pro se, is a former state inmate. At the time of the alleged events giving rise to this lawsuit, he was incarcerated at Belmont Correctional Institution ("BCI"). He was later transferred to Mansfield Correctional Institution ("MCI"). (*See* Docs. 1, 2). On March 17, 2019, Plaintiff was released from state custody. (*See* Doc. 7-1). While at BCI, Plaintiff originally listed his religious preference as "No Preference" and stated that he did not want visitors from religious leaders. (*See* Doc. 25-1, ¶ 4). He subsequently sought to change his religious

preference to Muslim. (*See id.*, ¶ 5). But according to Plaintiff, Defendants "depriv[ed] him all means to practice his religion" in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Article I of the Ohio Constitution. (Doc. 1-1, ¶¶ 14, 20).

For relief, Plaintiff seeks both monetary damages and injunctive relief against Defendants in their official and individual capacities. (*Id.*, ¶¶ 28–31). Along with his Complaint, Plaintiff filed a Motion for Preliminary Injunction, requesting the "court to order defendants to allow him to practice his religion, and stop the denial of him practicing his Islamic faith." (Doc. 2). But because Plaintiff was subsequently released from custody, the Undersigned denied his Motion and dismissed his claims for injunctive and declaratory relief. (*See* Docs. 11, 14). As such, only Plaintiff's claims for monetary relief remain.

The Undersigned issued a scheduling order on June 3, 2019, and after Plaintiff provided his updated address, the parties proceeded with discovery. (*See* Docs. 17–25). Defendants Bosley, Burger, Gray, and Potter filed a Motion for Summary Judgment on January 17, 2020. After Plaintiff failed to respond, the Undersigned, on February 24, 2020, directed Plaintiff to respond to the Motion within fourteen days. (Doc. 26). By March 10, 2020, Plaintiff still had not responded, so the Undersigned directed him to inform the Court within ten days whether he intended to pursue his claims for monetary damages in this case. (Doc. 27). Rather than filing a substantive response to Defendants' summary judgment motion, Plaintiff filed a Motion for Intent to Further Pursue Monetary Damages, asserting "[t]he monetary pails [sic] in comparison to whats [sic] owed. I'm seeking a fair and just amount based on the Defendants [sic] income." (Doc. 28). Plaintiff's Motion is **GRANTED**, and the Undersigned will consider whether his claims for monetary damages withstand Defendants' Motions. But, as Defendants note in their response, (Doc. 29),

Plaintiff has not set forth any arguments or evidence in opposition to summary judgment. Consequently, Defendants' Motion is unopposed and ripe for consideration.

As for Defendant Sunni-Ali Islam, who Plaintiff named in the Complaint as "Imam Sunni", the Undersigned, on May 18, 2020, ordered him to respond to Plaintiff's Complaint within fourteen days. When he failed to respond, the Undersigned issued a show cause order on June 8, 2020. (Doc. 33). On June 10, 2020, Sunni-Ali Islam responded to the show cause order and filed a Motion to Dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure, asserting that he was improperly named as a Defendant and was not served in this case. (Doc. 34). That Motion is now ripe for resolution, (*see* Docs. 34, 35, 36), and the Undersigned will consider it first before turning to the summary judgment motion.

## II. Defendant Sunni-Ali Islam's Rule 12(b)(5) Motion (Doc. 34)

### A. Background

Defendant asserts that his name is "Sunni-Ali Islam", not "Sunni, Imam (AKA Religious Service)" as Plaintiff identified him in the Complaint. (Doc. 34 at 1; *see also* Doc. 34-1). He further states that he "owns and works for an Ohio Corporation named 'Native Sun: Positive Human Development LLC,'" which "has an independent contractor agreement with [BCI]." (Doc. 34 at 1–2). Additionally, he contends that neither he nor his company were served in this case and that it is "Mr. Sunni-Ali Islam's position [that] neither himself nor his company are properly named defendants, and they have not received service in this case and if it is a complaint against them, it should be dismissed." (*Id.* at 2).

### B. Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Relevant here, when a

3

plaintiff is proceeding *in forma pauperis*, like Plaintiff here, the United States Marshal must effectuate service upon the defendants:

> Together, Rule 4(c)(2) and 28 U.S.C. 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

### C. Discussion

In his Complaint, Plaintiff identifies "Sunni, Imam (AKA) Religious Service" as "the Imam for the Institution Islamic services," who "is [] responsible for not doing his duty to place Plaintiff on the inmate Islamic list to practice his Islamic faith," "mis-handled the paper work properly to place Plaintiff on the Islamic list," and "lied and said [P]laintiff was already on the Islamic list." (Doc. 1-1, ¶ 10). The docket reflects that he was served on March 25, 2019. (Doc. 10). The Undersigned finds that Plaintiff took "reasonable steps" to determine the identity of Defendant. *Byrd*, 94 F.3d at 219. While Plaintiff mistakenly identified him as "Imam Sunni" and not "Sunni-Ali Islam," Plaintiff attempted to identify and serve the only Imam with whom he interacted at BCI. The Undersigned, in her discretion, will not dismiss Plaintiff's claims because he failed to identify the Imam as the owner of an LLC that contracts with BCI to provide religious services. Rather, the most just approach is to permit Plaintiff to serve the proper Defendant and allow him to respond to Plaintiff's Complaint on the merits.

Accordingly, the United States Marshal Service is **DIRECTED** to serve Sunni-Ali Islam at the following address:

676 South 22nd Street

4

Columbus, Ohio 43205

**D. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 34) is **DENIED without prejudice**.

**III.  Defendants' Motion for Summary Judgment (Doc. 25)**

The other four Defendants in this case have moved for summary judgment. (Doc. 25). They assert that "none of [them] played any part in determining whether Plaintiff was eligible to attend the Muslim services and observances Plaintiff claims he was denied" and are entitled to summary judgment as a result. (*Id*. at 2). As noted, Plaintiff has failed to respond to Defendants' Motion. Notably, however, in responding to Defendant Sunni-Ali Islam's Motion, Plaintiff asserts that the "[s]ole purpose for the whole suit is directly [Defendant Sunni-Ali Islam's] doing." (Doc. 36).

**A. Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). When the moving party has carried this burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

When a motion for summary judgment is unopposed, as is the case here, the court must "intelligently and carefully review the legitimacy of such unresponded-to motion" and may not "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Tp. Tr.*, 980 F.2d

5

399, 407 (6th Cir. 1992). At the same time, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to identify a genuine issue of material fact. *Id*. at 405.

### B. Discussion

Plaintiff's factual allegations in his Complaint are sparse. And, despite having reached summary judgment, Plaintiff has not set forth any evidence to support his claims. In his Complaint, he makes the following threadbare allegations against Defendants Gray, Potter, Burger, and Bosley:

> 6. David Gray, is the supervisor of all defendants, he is responsible for the defendant's [sic] to follow all The Ohio Department of Corrections codes and regulations, and policy's [sic].
>
> 7. Mrs. Potter, Deputy Warden, SS; she is the supervisor in special service programming in which she Controls who is on the list for Islamic practices, and who can attend Rahmadan [sic] services. She is one of the individual's [sic] who denied plaintiff to practice his Islamic faith.
>
> 8. Dr. Jeffrey A. Burger, is the Institution Chaplin [sic], he controls all religious services. He is one of the individuals who also refuses plaintiff to practice his Islamic faith.
>
> 9. Officer Bosley, is the Correctional officer in the prison. She placed Plaintiff in segregation for trying to protect his interest to exercise his Islamic faith.

(Doc. 1-1, ¶¶ 6–9).

Defendants assert that there is no evidence that they "personally prevented Plaintiff from studying, praying or affiliating as a Muslim." (Doc. 25 at 4). Specifically, they contend that only the institution's Imam or an Imam consulted by the institution's Religious Services Administrator can make decisions regarding "an inmate's standing or membership as a practitioner of the Islamic faith" or "add or delete an individual's name from the list of those inmates eligible to participate in [the Ramadan fast]." (*Id*. at 6 (citing Doc. 1-1; Doc. 25-1 at 4–6)).

6

"[T]he Sixth Circuit requires some sort of direct involvement, whether through encouragement, participation, or at the very least knowing acquiescence, in order to impose liability under § 1983." *Lupo v. Voinovich*, 235 F. Supp. 2d 782, 793 (S.D. Ohio 2002) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Importantly, "[s]upervisory liability cannot be imposed in a Section 1983 action based on a theory of *respondeat superior* without proof of personal involvement." *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 844 (E.D. Tenn. 2011) (citing *Taylor v. Mich. Dept' of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995)). Rather, to establish supervisory liability, "there must be a showing that the supervisor encouraged the specific incident of misconduct or in some way directly participated in it." *Rayburn v. Blue*, 154 F. Supp. 3d 523, 531 (W.D. Ky. 2015) (quotation marks, citations, and alterations omitted). In other words, "[l]iability of supervisory personnel must be based on more than merely the right to control employees" and cannot be based upon a mere failure to act." *Id*. (quotation marks, citation, and alteration omitted).

Plaintiff has failed to satisfy this basic requirement as to Defendants Gray, Potter, Bosley, and Burger.

*1. Defendants Gray and Burger*

To begin, there is no evidence in the record that Defendants Gray or Burger were personally involved in the alleged unconstitutional conduct. As noted, Plaintiff alleges that "David Gray, is the supervisor of all defendants, he is responsible for the defendant's [sic] to follow all The Ohio Department of Corrections codes and regulations, and policy's [sic]." (Doc. 1-1, ¶ 6). Similarly, Plaintiff alleges only that Defendant Burger is the "Institution Chaplin [sic], [and] he controls all religious services." (Doc. 1-1, ¶ 8).

But, as explained, "[s]upervisory liability cannot be imposed in a Section 1983 action based

7

on a theory of *respondeat superior* without proof of personal involvement." *Dillingham*, 809 F. Supp. 2d at 844 (citing *Taylor*, 69 F.3d at 80–81). And there is no evidence in the record that Defendants Gray or Bosley "encouraged the specific incident of misconduct or in some way directly participated in it." *Rayburn*, 154 F. Supp. 3d at 531.

To the contrary, Defendant Burger has produced uncontroverted evidence that he in fact attempted to help Plaintiff change his religious preference. On May 22, 2018, he sent Plaintiff the following "JPay" message, in response to Plaintiff's complaint that he was not placed on the list of practicing Muslims:

> Dear inmate Oliver:
>
> As I stated in my office, in your "Inmate Religious Information" page on DOTS, you declared your religious preference as "No Preference". You are not listed as Islamic, therefore you were not put on the Islamic list. My suggestion is to work with the Imam in changing your preference. Then the Imam can change your faith on the dots system to Muslim. Then you'll be able to practice all of the Islamic holidays and fast days. I hope this helps you to understand the procedure.
> Dr. Jeffrey A Burger ODRC—Chaplain D. Min.

(Doc. 25-1 at 8).

This is the only evidence of Defendant Burger's personal involvement in this case, and there is no evidence with regard to Defendant Gray. As there is no evidence in the record that Defendants Gray or Burger engaged in any unconstitutional conduct, they are entitled to summary judgment. *See Hollis v. Booker*, No. CIV.A. 05CV280JMH, 2006 WL 379385, at *4 (E.D. Ky. Feb. 16, 2006) (citing *Celotex Corp.*, 477 U.S. at 324) ("A litigant opposing a summary judgment motion must employ proof other than his pleadings to establish the existence of a controversy.")

    *2. Defendant Bosley*

Next, Plaintiff alleges that Defendant Bosley "placed Plaintiff in segregation for trying to protect his interest to exercise his Islamic faith." (Doc. 1-1, ¶ 9). Again, there is no evidence of

this. And "[c]onclusory statements will not defeat a motion for summary judgment." *Hollis*, 2006 WL 379385, at *4 (citation omitted). Rather, to defeat Defendants' summary judgment motion, Plaintiff "must employ proof other than his pleadings to establish the existence of a controversy." *Id*. (citation omitted). Because Plaintiff has failed to do so, Defendant Bosley is entitled to summary judgment.

   3. *Defendant Potter*

Finally, Plaintiff alleges that Defendant Potter "is the supervisor in special service programing [sic] in which she Controls who is on the list for Islamic practices, and who can attend Rahmadam [sic] services" and "is one of the individual's [sic] who denied plaintiff to practice his Islamic faith." (Doc. 1-1, ¶7). Again, to the extent Plaintiff is attempting to hold Defendant Potter liable for her supervisory role as the Deputy Warden of Special Services at BCI, Section 1983 prohibits such a result. *See Dillingham*, 809 F. Supp. 2d at 844 (citing *Taylor*, 69 F.3d at 80–81) (noting that "[s]upervisory liability cannot be imposed in a Section 1983 action based on a theory of *respondeat superior* without proof of personal involvement").

Moreover, like Defendant Burger, Defendant Potter has produced uncontroverted evidence that she attempted to facilitate Plaintiff's requests to change his religious preference. On March 16, 2018, Defendant Potter posted in each dorm and "JPayed" all BCI inmates a notice informing inmates that Ramadan "will start on sunset Tuesday, May 15, 2018 and continue for 30 days" and noting in bold font that, "Muslim inmates requesting to observe Ramadan should kite the Imam, 45 days before the first day of Ramadan" and that "Ramadan is not an activity but a religious observance and is not open to all inmates who refer to themselves as Muslims." (Doc. 25-1 at 11). The notice also makes clear that the Imam is the only person who can add or delete a Muslim inmate from the Ramadan fast list. (*Id*.; *see also id*. at 2, ¶¶ 7–8).

9

Then, following Plaintiff's internal grievances in late May, Defendant Potter sent Defendant Sunni-Ali Islam the following email:

> Hello Sunni,
> Robin will be sending a pass to Oliver 702-195 to see you this week. He did not declare a religion upon intake but his mother called and said he is Muslim and should be permitted to participate in Ramadan. I advised her that the process to sign up was posted months ago (he came to BeCI on 11-14-17).

(Doc. 25-1 at 10).

As with Defendant Burger, this is the only evidence in the record regarding Defendant Potter's involvement in this case—and it shows that she attempted to help Plaintiff, not harm him. As there is no evidence that she engaged in any unconstitutional conduct, she is entitled to summary judgment as well.

### IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 25) be **GRANTED**, and Defendant Sunni-Ali Islam's Motion to Dismiss (Doc. 34) be **DENIED without prejudice**. Plaintiff's Motion to Pursue Money Damages (Doc. 28) is **GRANTED**.

### V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  July 30, 2020                                      /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE