**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RANDY OLIVER,** : | |
| : | |
| Plaintiff, : | Case No. 2:19-cv-619 |
| : | |
| v. : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| : | |
| **DAVID GRAY,** *et al.*, : | Magistrate Judge Jolson |
| : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Jolson's July 30, 2020 Report and Recommendation (ECF No. 39) recommending the Court grant Defendants Trish Bosley, Jeffrey A. Burger, David Gray, and Mary Potter's Motion for Summary Judgment (ECF No. 25) and deny without prejudice Defendant Sunni-Ali Islam's Motion to Dismiss (ECF No. 34). For the following reasons, the Court **ADOPTS** the Magistrate's Report and Recommendation. Defendants' Motion for Summary Judgment is **GRANTED** and Defendant Islam's Motion to Dismiss is **DENIED without prejudice.**

### I. FACTUAL BACKGROUND

Randy Oliver, the pro se Plaintiff in this case, was a state prisoner at Belmont Correctional Institute ("BCI") in St. Clairsville, Ohio during the period relevant to the allegations. (ECF No. 4 at ¶ 5). Mr. Oliver is a practicing Muslim. (*Id.* at ¶ 15). He alleges that a number of correctional staff members at BCI—Warden David Gray, Deputy Warden Mary Potter, Correctional Officer Trish Bosley, Chaplin Jeffrey A. Burger, and Mr. Sunni, the Imam for Islamic Services—interfered with his exercise of religion and retaliated against him for filing grievances related to these events.

1

(*Id.* ¶¶ 6-10). He claims all defendants have "not allow[ed] him to study, pray, or have affiliation with his Muslim faith." (*Id.* at ¶ 15). Oliver alleges he filed grievances related to the correctional staff's inference with his religious practices on: 5/21/2018, 5/22/2018, 6/1/2018, 6/4/2018, and 7/3/2018. (*Id.* at ¶ 12).

After the events described in the Complaint, Plaintiff was transferred to Mansfield Correctional Institution ("MCI"). (ECF No. 4 at 6 (listing MCI as his address)). Shortly after Plaintiff filed his Complaint in February 2019, he completed his term of incarceration and was released from MCI on March 17, 2019. (ECF No. 7-1).

## II.  PROCEDURAL BACKGROUND

Plaintiff filed a pro se Complaint and Motion for Preliminary Injunction on February 22, 2019 against Warden David Gray, Deputy Warden Mary Potter, Correctional Officer Trish Bosley, Chaplin Jeffrey A. Burger, and Mr. Sunni, the Imam for Islamic Services, for alleged violations of his freedom of religion while he was incarcerated at BCI. (ECF Nos. 1, 2, 4). He seeks $50-100 in nominal damages and $20,000 in punitive damages for Defendants "evil intent" or reckless or callous indifference to his rights. (ECF No. 4 at ¶¶ 29-30).

On March 28, 2019, Defendants Bosley, Burger, Gray, and Potter filed a Response in Opposition to the Motion for Preliminary Injunction and a Motion to Dismiss for failure to state a claim. (ECF Nos. 7, 8). On April 9, 2019, Magistrate Judge Jolson issued a Report and Recommendation recommending the Motion for Preliminary Injunction be denied and granting in part the Motion to Dismiss on Plaintiff's claims for declaratory relief and injunctive relief because he had since been released from prison. (ECF No. 11). The Magistrate Judge noted Defendants' Motion to Dismiss did not address Plaintiff's claims for monetary damages, which he could

continue to pursue. (*Id.*). Plaintiff did not file any objections. This Court issued an Order on May 24, 2019 adopting the Magistrate Judge's Report and Recommendation. (ECF No. 14).

On January 17, 2020, Defendants filed this Motion for Summary Judgment. (ECF No. 25). On February 24, 2020, the Magistrate Judge issued an Order directing Plaintiff to respond by March 9, or the Court would treat the Motion for Summary Judgment as unopposed. (ECF No. 26). Plaintiff still did not file a Response after the Magistrate's extension, so the Magistrate Judge issued an Order directing Plaintiff to inform the Court within ten days of the March 10 Order whether he still intended to pursue his claims for money damages against Defendants. (ECF No. 27). He indicated his continued intent to pursue money damages on March 17. (ECF Nos. 28).

On May 18, 2020 Magistrate Judge Jolson ordered Defendant Sunni to file a response to Plaintiff's Complaint within fourteen days. (ECF No. 32). When he did not respond, the Magistrate Judge issued a Show Cause Order ordering Defendant Sunni to show cause within fourteen days as to why he should not be found in default. (ECF No. 33). Counsel for Sunni-Ali Islam then filed a Response and Motion to Dismiss claiming he was not properly named as Defendant, noting Plaintiff named "Sunni, Imam, (AKA) Religious Service," and did not correctly note his first or last name. (ECF No. 34). He argued he is an independent contractor and did not consent to receive service at BCI, where Plaintiff alleged to have served him. (*Id.* at 1). Plaintiff filed a Response on July 6, 2020 to "keep Mr. Sunni-Ali Islam on the suit" and that "the whole suit is directly his doing." (ECF No. 36). On July 22, 2020, Magistrate Judge Jolson ordered counsel for Sunni-Ali Islam to provide the address where he may accept service, noting "it appears that Sunni-Ali Islam is the Imam with whom Plaintiff interacted while incarcerated at Belmont Correctional Institution." (ECF No. 37). Islam filed notice of his address later the same day. (ECF Nos. 38).

On July 30, 2020, Magistrate Judge Jolson issued this Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment and deny without prejudice Defendant Islam's Motion to Dismiss. (ECF No. 39). Plaintiff did not file any objections.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss Pursuant to Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that an action may be dismissed for "insufficient service of process." When a plaintiff is proceeding *in forma pauperis*, as Plaintiff is here, the United States Marshall must effectuate service upon the defendants:

> Together, Rule 4(c)(2) and 28 U.S.C. 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

#### B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)).

A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then

4

present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Id.* (quoting *Anderson*, 477 U.S. at 250).

## IV. LAW & ANALYSIS

### A. Motion to Dismiss

Plaintiff named "Sunni, Imam, (AKA) Religious Service" as a Defendant and identified him as "the Imam for the Institution Islamic services" at BCI. (ECF No. 4 at ¶ 10). He was served on March 25, 2019. (ECF No. 10). On June 10, 2020, counsel for Sunni-Ali Islam filed a Response and Motion to Dismiss claiming he was not properly named as Defendant because Plaintiff did not correctly state his first and last name. (ECF No. 34). He also argued he is an independent contractor

5

and did not consent to receive service at BCI. (*Id.*). Plaintiff filed a Response on July 6, 2020 to "keep Mr. Sunni-Ali Islam on the suit" and that "the whole suit is directly his doing." (ECF No. 36). On July 22, 2020, Magistrate Judge Jolson ordered counsel for Sunni-Ali Islam to provide the address where he may accept service, noting "it appears that Sunni-Ali Islam is the Imam with whom Plaintiff interacted while incarcerated at Belmont Correctional Institution." (ECF No. 37). Islam filed notice of his address later the same day. (ECF Nos. 38).

This Court agrees with Magistrate Judge Jolson's Report and Recommendation that Plaintiff took "reasonable steps" to identify Defendant—the only Imam with whom he interacted at BCI—and agrees Plaintiff's claims should not be dismissed for identifying him as "Imam Sunni" rather than "Sunni-Ali Islam." (ECF No. 39) (citing *Byrd*, 94 F.3d at 219). Therefore, Defendant Islam's Motion to Dismiss (ECF No. 34) is **DENIED without prejudice**.

### B. Summary Judgment

Plaintiff Oliver claims that Defendants "deprived him all means to practice his religion" while at BCI by "not allowing him to pray, or have any affiliation to his Muslim faith." (ECF No. 4 at ¶¶ 14, 15). Defendants Gray, Potter, Bosley, and Burger moved for summary judgment, arguing Plaintiff failed to allege any specific conduct on their part or provide any evidence that they "personally prevented Plaintiff from studying, praying or affiliating as a Muslim." (ECF No. 25 at 4). They further argue that only the Imam can make decisions regarding an inmate's placement on the list of eligible prisoners to participate in the Ramadan fast. (*Id.* at 6).

"[T]he Sixth Circuit requires some sort of direct involvement, whether through encouragement, participation, or at the very least knowing acquiescence, in order to impose liability under § 1983." *Lupo v. Voinovich*, 235 F. Supp. 2d 782, 793 (S.D. Ohio 2002) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Importantly, "[s]upervisory liability cannot

6

be imposed in a Section 1983 action based on a theory of respondeat superior without proof of personal involvement." *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 844 (E.D. Tenn. 2011) (citing *Taylor v. Mich. Dept' of Corr.,* 69 F.3d 76, 80–81 (6th Cir. 1995)). Magistrate Judge Jolson's Report and Recommendation concluded that Plaintiff did not meet this requirement with respect to Defendants Gray, Potter, Bosley, and Burger. (ECF No. 39 at 7).

With respect to Defendant Gray, Plaintiff alleges only that he "is the supervisor of all defendants, he is responsible for the defendant's [sic] to follow all The Ohio Department of Corrections codes and regulations, and policy's [sic]." (ECF No. 4 at ¶ 6). This Court agrees with the Magistrate's analysis that this statement, absent any other specific allegations or evidence, does not sufficiently allege personal involvement or "abandon[ment] of the specific duties of his position" in order to trigger liability. *Taylor*, 69 F.3d at 81. Therefore, Defendant Gray is entitled to summary judgment.

With respect to Defendant Potter, Plaintiff alleges "she is the supervisor in special service programming in which she Controls who is on the list for Islamic practices, and who can attend Rahmadan services." (ECF No. 4 at ¶ 7). As with Defendant Gray, the Court agrees with the Magistrate's conclusion that Plaintiff has not put forth any evidence of personal involvement or abandonment of duties by Defendant Potter and is relying merely on a theory of respondeat superior, which is insufficient for § 1983 liability. (ECF No. 39 at 9); *see Taylor*, 69 F.3d at 80-81. Moreover, Defendant Potter produced evidence that she posted notices informing inmates of when Ramadan began and that they would need to "kite the Imam, 45 days before the first day of Ramadan" in order to be added to the fast list. (ECF No. 25-1 at 11). She also sent an email to Defendant Islam alerting him that Plaintiff would be coming to see him about participating in

7

Ramadan. (*Id.* at 10). Because Plaintiff provided no evidence that Defendant Potter attempted to interfere with this system or his ability to practice his faith, she is entitled to summary judgment.

With respect to Defendant Burger, Plaintiff alleges that, as the Institution Chaplain, "he controls all religious services" and "is one of the individuals who also refuses plaintiff to practice his Islamic faith." (ECF No. 4 at ¶ 8). Defendant Burger produced uncontroverted evidence that he attempted to assist Plaintiff in getting on the list of practicing Muslims at BCI. Defendant Burger sent Plaintiff a JPay message stating:

> Dear inmate Oliver:
>
> As I stated in my office, in your "Inmate Religious Information" page on DOTS, you declared your religious preference as "No Preference". You are not listed as Islamic, therefore you were not put on the Islamic list. My suggestion is to work with the Imam in changing your preference. Then the Imam can change your faith on the dots system to Muslim. Then you'll be able to practice all of the Islamic holidays and fast days. I hope this helps you to understand the procedure.
> Dr. Jeffrey A Burger ODRC—Chaplain D. Min.

(ECF No. 25-1 at 8). Because Plaintiff has not put forward any evidence to the contrary, the Court finds there is no genuine issue of material fact regarding Defendant Burger's involvement and thus he is entitled to summary judgment.

With respect to Defendant Bosley, Plaintiff alleges she is a Correctional Officer ("CO") who "placed Plaintiff in segregation for trying to protect his interest to exercise his Islamic faith." (ECF No. 4 at ¶ 9). The Magistrate Judge found this allegation was conclusory and, absent additional evidence, was insufficient to survive summary judgment. (ECF No. 39 at 8-9). In order to establish a First Amendment retaliation claim a plaintiff must show: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here,

Plaintiff alleges Defendant Bosley placed him in segregation, but his brief statement contains no details about the alleged protected First Amendment activity he was engaged in or any allegations about causation that would explain how or why Defendant Bosley's conduct was motivated by his practice of his faith. Therefore, Defendant Bosley is entitled to summary judgment.

Based on the Magistrate Judge's analysis and an independent review of the facts and law, this Court concludes Defendants Bosley, Burger, Gray, and Potter are entitled to summary judgment given that Plaintiff's Complaint relies on generalized statements about supervisory liability rather than specific allegations, and the evidence put forward by Defendants that Defendant Islam was solely responsible for placing Plaintiff on the list of practicing Muslims at BCI. For these reasons, Defendants' Motion for Summary Judgment is **GRANTED.**

V.      CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the Magistrate Judge's July 30, 2020 Report and Recommendation. (ECF No. 39). Defendants Gray, Potter, Bosley, and Burger's Motion for Summary Judgment (ECF No. 25) is **GRANTED.** Defendant Islam's Motion to Dismiss (ECF No. 34) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  September 29, 2020**

9