IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDY OLIVER,

        Plaintiff,

                                Civil Action 2:19-cv-619
                                Chief Judge Algenon L. Marbley
      v.                          Magistrate Judge Kimberly A. Jolson

DAVID GRAY, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

Randy Oliver, a former state inmate proceeding pro se, alleges that Defendants deprived him of his ability to practice his religion. This matter is before the Undersigned for consideration of Defendant Sunni-Ali Islam's unopposed Motion for Summary Judgment (Doc. 44). For the following reasons, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion.

**I.    BACKGROUND**

Ramadan is a Muslim holiday lasting about thirty days, during which observants fast from sunup to sundown. To accommodate Muslim prisoners seeking to observe Ramadan, the Ohio Department of Rehabilitation and Correction ("ODRC") requires inmates to "kite the Imam, 45 days before the first day of Ramadan." (Doc. 25-1 at 11). Particularly relevant here, the ODRC makes clear that "[t]he Muslim Religious Service Provider (Imam) will be the only person to add or delete a Muslim inmate from the fast list." (*Id.*). And the Imam is the only one who can determine whether an inmate has established him or herself as a practitioner of the Islamic faith. (Doc. 25-1 at 2).

Plaintiff Randy Oliver alleges that, in 2018, while incarcerated at Belmont Correctional Institution ("BeCI"), he was denied the opportunity to observe Ramadan. (*See generally* Doc. 1-1). Ramadan that year began on May 15 and ended June 12. (Doc. 25-1). On March 16, 2018, and April 17, 2018, BeCI posted announcements in the dorms, instructing inmates how to sign up to participate in Ramadan. (*Id.*). On May 21, 2018, Plaintiff submitted an internal grievance complaining that he had been removed from the Ramadan list. (*Id.*) ODRC records reveal, however, that Plaintiff was never on this list because he had earlier reported his religion as "no preference." (*Id.*)

The next day, BeCI notified him of this fact and advised him to work with the Imam to change his religious preference so that he could participate in all holidays and fasts. (*Id.*) At that time, Defendant Sunni-Ali Islam served as BeCI's Imam. (Doc. 44-1). On May 29, 2018, Deputy Warden of Special Services ("DWSS") received a call from Plaintiff's mother, who insisted that Plaintiff is Muslim and should be permitted to participate in Ramadan. (Doc. 25-1). On June 1, 2018, the DWSS's secretary issued Plaintiff a pass to meet with the Imam that day to discuss changing his religion. (*Id.* at 9). But Plaintiff never did. (Doc. 44-1).

Plaintiff brought this action on February 25, 2019, alleging that the Imam, along with four other BeCI staff members, prevented him from practicing his religion. (*See generally* Doc. 4). Specifically, he alleges that the Imam is "responsible for not doing his duty to place Plaintiff on the inmate Islamic list to practice his Islamic faith," "mis-handled the paperwork properly to place Plaintiff on the Islamic list," and "lied and said Plaintiff was on the Islamic list." (*Id.* at 2–3). Several weeks later, on March 17, 2019, Plaintiff was released from prison. (Doc. 8 at 3).

Following Plaintiff's release, Defendants Bosley, Burger, Gray, and Potter moved to dismiss his claims for injunctive relief, which the Court granted. (Docs. 8, 11, 14). Following

2

discovery, these same Defendants moved for summary judgment, which the Court later granted, leaving Defendant Sunni-Ali Islam the sole Defendant in this case. (Docs. 25, 39, 41). Because Defendant Sunni-Ali Islam had not yet appeared in this case, the Court, on June 8, 2020, ordered him to respond to Plaintiff's Complaint. (Doc. 33). He moved to dismiss two days later, asserting that Plaintiff had failed to serve him. (Doc. 34). The Court denied his Motion, concluding that Plaintiff had taken reasonable efforts to serve him. (Docs. 39, 41). Defendant Sunni-Ali Islam then moved for summary judgment on October 14, 2020. (Doc. 44). Over a month has passed, and Plaintiff has not responded to his Motion. Accordingly, this matter is ripe for resolution.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). When the moving party has carried this burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

When a motion for summary judgment is unopposed, as is the case here, the Court must "intelligently and carefully review the legitimacy of such unresponded-to motion" and may not "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Tp. Tr.*, 980 F.2d 399, 407 (6th Cir. 1992). At the same time, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to identify a genuine issue of material fact. *Id.* at 405.

### III. DISCUSSION

Prisoners have a First Amendment right to freely practice their religion, subject to reasonable restrictions and limitations. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'" *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). If so, the court then determines whether a "challenged practice" infringes on a prisoner's sincere beliefs. *Kent*, 821 F.2d 1224–25. If not, the court's inquiry ends. Defendant does not challenge the sincerity of Plaintiff's beliefs. (*See generally* Doc. 44). Instead, he focuses on BeCI's policy and practice of requiring Muslim inmates to submit a request to the Imam 45 days before the first day of Ramadan. (*See id*. at 2).

"A practice will not be considered to infringe on a prisoner's free exercise unless it 'places a substantial burden on a central religious belief or practice[.]'" *Evans v. Washington*, 1:19-cv-953, 2019 WL 6974735, at *5 (W.D. Mich. Dec. 20, 2019) (quoting *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989)); *see also Living Water Church of God v. Charter Tp.*, 258 F. App'x. 729, 734 (6th Cir. 2007) (internal quotation marks omitted) ("In the Free Exercise context, the Supreme Court has made clear that the substantial burden hurdle is high and that determining its existence is fact intensive[.]"). A burden must be more than a "mere inconvenience;" it must either force an individual to choose between the tenets of his religion and foregoing governmental benefits, or place "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 734, 739, 741.

Prison policies requiring inmates to sign up in advance to participate in Ramadan are relatively commonplace. *See, e.g.*, *Missouri v. VanSickle*, No. 2:17-CV-00025, 2019 WL 613339,

at *5 (W.D. Mich. Jan. 23, 2019), *report and recommendation adopted*, No. 2:17-CV-25, 2019 WL 588100 (W.D. Mich. Feb. 13, 2019) (discussing similar policies). As a general matter, "[t]he imposition of [a] sign-up deadline is a reasonable policy." *Id*. What is not reasonable, however, "is the application of an inflexible deadline that Defendants use to refuse to accommodate prisoners who may sign-up late[.]" *Id. See, e.g.*, *id*. at **1, 5 (denying summary judgment where evidence showed that plaintiff had signed up and received Ramadan meals for years, until 2016, when he missed the sign-up deadline by one week, and the institution refused to accommodate him); *Hardrick v. MacLaren*, No. 2:17-CV-00029, 2018 WL 3624956, at *4 (W.D. Mich. June 18, 2018), *report and recommendation adopted*, No. 2:17-CV-29, 2018 WL 3619266 (W.D. Mich. July 30, 2018) (denying summary judgment where plaintiff, who signed up late to receive Ramadan meals "was able to receive a Ramadan meal, after all the other prisoners had been served who were on the list," and "[d]efendant [] failed to explain why [p]laintiff could not continue to receive leftover Ramadan meals after this date.").

There is no evidence that happened here. To the contrary, upon learning he was not on the list of practicing Muslims, Plaintiff, as advised, could have worked with Defendant to change his preference accordingly. (Doc. 25-1 at 2). Indeed, the institution issued him an official pass to meet with the Imam so he could do so. (*Id*. at 9). But Plaintiff did not use this pass or otherwise attempt to work with the Imam. Accordingly, he has failed to create a genuine issue of material fact as to whether this policy substantially burdened his ability to exercise his religion. From the record, it appears that this policy posed, at most, a mere inconvenience to Plaintiff. *See Living Water Church of God*, 258 F. App'x at 734 (noting that the "substantial burden hurdle is high" and the policy at issue must pose more than a "mere inconvenience"). Defendant is entitled to summary judgment as a result.

5

## IV.   CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 44) be **GRANTED**.  Further, should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal *in forma pauperis*.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 23, 2020              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE